UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| QIAN WILLIAMS, | : | Case No. 1:22-cv-696 |
| Plaintiff, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| DRUG ENFORCEMENT ADMINISTRATION, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS**

Plaintiff, a federal prisoner proceeding without the assistance of counsel, has submitted a complaint under the Freedom of Information Act. (Doc. 1). He has also filed an Application to proceed *in forma pauperis* and without prepaying the filing fees, supported by an Affidavit and certified inmate trust fund account statement. (Doc. 5). For the following reasons, the Undersigned **RECOMMENDS** that the Application be **DENIED** and that Plaintiff be ordered to pay the fees to commence this action in full within thirty days.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid prepayment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of

supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-cv-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the information set forth in Plaintiff's Application does not demonstrate his inability to pay the filing fees. Plaintiff's Application reflects that as of December 15, 2022, he had over $3,000 on account to his credit at the prison where he is incarcerated.[1] (Doc. 5, PageID 29-34). His average monthly balance for the previous six months was $3,421.73. (*Id*., PageID 29). Plaintiff also has income from the prison of $42.00 per month, and he reports gifts from family and friends in the last twelve months of $1,165.75, although he does not expect to receive further funds and these amounts appear to be reflected in his overall account balance. (*Id*., PageID 26-27). The Undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DENY** Plaintiff's Application to proceed *in forma pauperis* (Doc. 5) and order Plaintiff to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days. The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28

---

[1] There is a discrepancy in the documents submitted by Plaintiff. The Certificate form completed by FCI Edgefield reflects that Plaintiff had a balance on December 15, 2022 of $3,162.84. (Doc. 5, PageID 29). The statement of Plaintiff's account, labelled "View Inmate Transactions," reflects that Plaintiff had a balance of $3,162.84 in June 2022, but that in December 2022, he had a balance of $3,706.54. (Doc. 5, PageID 34, 30). In either event, Plaintiff has over $3,000 on account to his credit.

U.S.C. § 1915(a)(3) that any appeal of an Order adopting this Report and Recommendations would not be taken in good faith.

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

December 22, 2022

                                                Karen L. Litkovitz
                                                UNITED STATES MAGISTRATE JUDGE