IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Qian Williams, | : | |
| | : | Case No. 1:22-cv-696 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Drug Enforcement Administration., | : | Recommendation |
| | : | |
| Defendants. | : | |
| | : | |

    Plaintiff filed this case in November of 2022, seeking to compel the Drug Enforcement Administration ("DEA") to turn over certain documents relating to his criminal case that he believes that the DEA possesses. On December 20, 2022, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 5.) Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation recommending that the Motion be denied and that Plaintiff be required to pay the full filing fee. (Doc. 6.) Plaintiff timely filed an Objection to the Report and Recommendation. (Doc. 7.)

    In his Objection, he argues that the balance in his prison account, which is over $3,000, represents income from one-time payments from the Coronavirus stimulus payments and a one-time gift from family and friends which is not likely to be repeated. (Doc. 7 PageID 40.) He argues that the Court will not be prejudiced because he still would be required to pay $25 monthly until the full $402 filing fee and administrative fee is paid. (*Id.*) However, 28 U.S.C. § 1915(b)(1)(B) requires an initial filing fee of twenty percent of the average monthly balance of Plaintiff's prison account for the six-month period immediately prior to the filing of the Complaint. Per the Certificate attached to Plaintiff's Motion, this balance is $3,421.73. (Doc. 5

at PageID 29.) Twenty percent of this amount is $684.34. This amount is greater than the $350 filing fee required by 28 U.S.C. § 1914(a), and so the full amount of the filing fee would be due immediately. However, if Plaintiff were granted *in forma pauperis* status, he would not be required to pay the $52 administrative fee. *See* Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

A litigant need not be "absolutely destitute" to enjoy the benefit of *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The Court must consider whether requiring Plaintiff to pay the filing fee would prevent him from providing himself with the necessities of life. *Id.* Whether or not to grant *in forma pauperis* status is entrusted to the discretion of the Court. *Hauck v. Tennessee*, No. 88-5822, 1989 WL 40261 at *1 (6th Cir. April 21, 1989). Plaintiff argues that he relies on the savings he has managed to accrue to sustain him for the rest of his lengthy prison sentence. However, the fact remains that Plaintiff currently possesses funds well in excess of the filing fee. Moreover, since he is currently incarcerated, the majority of his necessities of life will be provided for him. As a result, the Court finds that he is able to pay the filing fee in this case.

For the foregoing reasons, the Report and Recommendation (Doc. 6) is **ADOPTED** and Plaintiff's Objections (Doc. 7) are **OVERRULED**. If Plaintiff wishes to proceed with this action, he must pay the full $402 fee within thirty days.

**IT IS SO ORDERED.**

S/Susan J. Dlott
Susan J. Dlott
United States District Judge