UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| QIAN WILLIAMS, | : | Case No. 1:22-cv-696 |
| Plaintiff, | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| DRUG ENFORCEMENT ADMINISTRATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding without the assistance of counsel, submitted a Complaint to this Court in November 2022. (Doc. 1). He also sought leave to proceed *in forma pauperis* and without prepaying the filing fee. (Doc. 5). On January 12, 2023, this Court denied Plaintiff's application to proceed *in forma pauperis,* finding that he "currently possesses funds well in excess of the filing fee." (Doc. 8, PageID 48). The Court advised Plaintiff that if he "wishe[d] to proceed with this action, he must pay the full $402 fee within thirty days." (*Id*.). To date, Plaintiff has not paid the filing fee. No other action has been taken in the case.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to comply with a court order warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). In this case, Plaintiff was specifically advised that he must pay the filing fee to proceed with this action. (Doc. 8, PageID

48). As he has failed to do so, the Undersigned **RECOMMENDS** that the case be **DISMISSED** for want of prosecution. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

February 27, 2023

Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE