UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QIAN WILLIAMS,<br>    Plaintiff, | Case No. 1:22-cv-696<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| DRUG ENFORCEMENT AGENCY,<br>    Defendant. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a federal prisoner proceeding without the assistance of counsel, has filed a Complaint under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (Doc. 1). Plaintiff alleges the Drug Enforcement Agency ("DEA") improperly denied his request for agency records related to his federal criminal conviction. This matter is before the Court on plaintiff's motions for leave to file an amended complaint (Docs. 27, 28, 37[1]), plaintiff's consolidated complaint and jury demand (Doc. 34), plaintiff's supplemental complaint with jury demand (Doc. 36), defendant's motion to stay the deadline to file an answer or other response to the complaint (Doc. 35), and plaintiff's motion for default judgment (Doc. 38).

## I. Background

In October 2017, plaintiff was indicted "on eight counts related to heroin, cocaine, and guns" following the execution of two search warrants. *United States v. Williams*, No. 20-3310, 2021 WL 3079698, at *1 (6th Cir. July 21, 2021), *cert. denied*, 142 S. Ct. 818 (2022). Plaintiff was convicted of all eight counts, and the Court sentenced plaintiff to 420 months in prison. *Id*. On July 21, 2021, the Sixth Circuit affirmed the judgment of the Court. *Id*. at *4. On April 4,

---

[1] The Clerk's Office filed Doc. 37 on the docket of the Court as a motion for declaratory judgment and injunctive relief. (Doc. 37). The Court, however, construes Doc. 37 as a motion to amend because plaintiff is attempting to amend his FOIA complaint to add additional causes of action as stated in the document. In the first sentence of Doc. 37, plaintiff states, "Comes now Qian Williams, pro se moves to have *this complaint* consolidated with plaintiff's previous complaint with the Drug Enforcement Agency in [case no. 1:22-cv-696]." (*Id*. at PAGEID 175) (emphasis added).

2022, plaintiff filed a motion to vacate his conviction under 28 U.S.C. § 2255 in his criminal case, which remains pending. (*United States v. Williams*, No. 1:17-cr-117, Doc. 180 (S.D. Ohio)).

In the instant matter, plaintiff filed his original complaint against the DEA alleging a single cause of action under the FOIA "to assist his claim in his 2255 proceedings. . . ." (Doc. 1). Plaintiff seeks the release of a case file, and all associated investigative materials, pertaining to informant Ronald Dungan, who plaintiff alleges assisted the DEA by "conduct[ing] phone calls and controlled buys" in his criminal case. (*Id*. at PAGEID 2). Plaintiff appears to allege the DEA failed to comply with his document request and improperly relied on exemption 5 U.S.C. § 552(b)(7)(c) in denying his request. (*Id*. at PAGEID 2-3).

On August 21, 2023, plaintiff filed his first motion for leave to amend his complaint under Fed. R. Civ. P. 15(a)(2) to add claim under the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983 ("CAFRA"). (Doc. 27). Plaintiff alleges that "[s]ince the filing of the complaint[,] the plaintiff has determined that his Motion to Recover Seized Property under Federal Rule of Criminal Procedure 41(g)[2], [ ] is properly invoked to request the return of seized property before the forfeiture proceedings have been initiated. CAFRA is 'the exclusive remedy for seeking to set aside a declaration of forfeiture[']." (*Id*.). Plaintiff, however, did not attach a proposed amended complaint to this motion. (*Id*.).

On August 28, 2023, plaintiff filed a second motion for leave to amend the complaint. (Doc. 28). In the attached proposed amended complaint (Doc. 28-1), plaintiff challenges the constitutionality of his criminal convictions. He alleges that the government's use of an

---

[2] As best the Court can discern, plaintiff's "Motion to Recover Seized Property under Federal Rule of Criminal Procedure 41(g)" appears to be his "Motion for Return of Personal Property" that plaintiff filed in his criminal case under Rule 41(g) on March 24, 2020. (*United States v. Williams*, No. 1:17-cr-117, Doc. 139 (S.D. Ohio)).

informant at his criminal trial "violated plaintiff['s] fourth Amendment and his fifth Amendment [rights] and was done maliciously and in violation of his Sixth Amendment of the Constitution." (Doc. 28 at PAGEID 123). Plaintiff also alleges he was denied Due Process because he was "not able to cross-examine the alleged informant and denied impeachment material," and "[t]he prosecution used fabricated evidence at plaintiff's trial. . . ." (*Id*.). Concerning the forfeiture of his property that occurred in his criminal case, plaintiff alleges the Court "lacked jurisdiction to allow the government [to] claim anything [and] denied plaintiff due process of law in violation of the fifth Amendment." (*Id*. at PAGEID 124; plaintiff "request[s] to have the Drug Enforcement Administration [r]eturn his property from the August 17, 2017 illegal search at 1416 Randomhill Rd Cincinnati, OHIO 45231." (*Id*. at PAGEID 128). Plaintiff also alleges his property was taken as a result of an unconstitutional and illegal search warrant "in violation of plaintiff's [rights under the] 4th Amendment of the Constitution" and this property was therefore "illegally seized. . . ." (*Id*. at PAGEID 130). Plaintiff further alleges the Court in his criminal case "lacked jurisdiction to make any ruling" concerning the forfeiture of his property because plaintiff "was not notified of any administrative forfeiture or counsel was never given a notice of administrative forfeiture." (*Id*. at PAGEID 131). Plaintiff seeks a declaratory judgment stating that the government's forfeiture of his property violated the "Due Process Clause of the fifth Amendment to the United States Constitution," and the "failure to have a federal search warrant violated plaintiff's fourth Amendment to the United States Constitution." (*Id*. at PAGEID 132). Plaintiff seeks an injunction ordering the DEA to return plaintiff's property, including "U.S. currency with 10% interest for the last six years." (*Id*.).

Next, plaintiff filed a "Consolidated Complaint and Jury Demand," which repeats the allegations in plaintiff's prior proposed amended complaints concerning the forfeiture of his

property. The Consolidated Complaint also names "Kenneth Baker[,] a Cincinnati Police officer assi[s]ting the DEA to obtain a state search warrant after the illegal search" and "David A. Zekoski[,] Senior Attorney of Drug Enforcement Administration" as defendants. (Doc. 34 at PAGEID 152). Plaintiff details the allegations that arose in the context of his criminal case (*Id*. at PAGEID 152-53) and claims he was "arrested without a[n] arrest warrant or search warrant. . . ." (*Id*. at PAGEID 153). Plaintiff further alleges that defendants "failed to send notice of any administrative forfeiture or publish the seizure in the newspaper for three successive weeks" and defendants "lacked jurisdiction" over his seized property because it was the result of "an illegal search and it was a state search warrant. . . ." (*Id*. at PAGEID 153-54). Plaintiff also alleges the "district court [in plaintiff's criminal case] lacked jurisdiction to allow the government to allege[] that the same criminal forfeiture was administratively forfeited to avoid from returning plaintiff's property." (*Id*.). Plaintiff requests that his property be returned with accrued interest. (*Id*.).

On October 18, 2023, plaintiff filed a supplemental complaint (Doc. 36) and another motion to amend his complaint along with a proposed amended complaint. (Doc. 37). These proposed complaints appear to duplicate in large part the proposed amended complaint that plaintiff attached to his second motion for leave to amend the complaint (Doc. 28-1).

## II. Plaintiff's Motions to Amend Should be Denied With Leave to File a Single Amended Complaint and Motion in Support.

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427

F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff has filed three motions to amend his FOIA complaint (Docs. 27, 28, 37) and four proposed amended complaints. (Docs. 28-1, 34, 36, 37). His various proposed complaints appear to allege: (1) constitutional claims challenging the use of an informant at his criminal trial and his inability to cross-examine the informant, the alleged use of fabricated evidence at trial, and the denial of impeachment evidence; (2) a claim under CAFRA; (3) a Fourth Amendment claim for illegal search and seizure; (4) a due process claim based on plaintiff's alleged failure to receive notice of administrative forfeiture by the DEA; (5) a claim challenging the District Judge's ruling on his motion for return of property; and (6) an FOIA claim against the DEA. Some of the proposed complaints name two new defendants (Cincinnati Police Officer Kenneth Baker and DEA attorney David Zekoski) in connection with some of these claims.

Given the number of proposed complaints filed by plaintiff, the Court is unable to discern the exact claims and defendants plaintiff wishes to include in his "amended complaint." The Court is not required to sift through plaintiff's numerous motions and proposed amended complaints to discern what claims plaintiff is attempting to bring, the legal basis for such claims, and who the claims are asserted against. In addition, it is unclear whether plaintiff has abandoned his original FOIA claim given the omission of this claim in his later proposed amended complaint.

Accordingly, the Court recommends that plaintiff's motions to amend (Docs. 27, 28, 37) be **DENIED with leave to refile a single proposed amended complaint and motion in support thereof**. If this Report and Recommendation is adopted (1) plaintiff should be ordered

to file a motion to amend his complaint accompanied by single proposed amended complaint, not to exceed 20 pages in length, that identifies all claims asserted against each defendant, as well as the legal basis for each claim within **thirty (30) days**; and (2) defendant should be ordered to respond to plaintiff's motion within **thirty (30) days** after the date of service of plaintiff's motion.

It is **ORDERED** that defendant DEA's motion requesting a thirty-day extension of time to file an answer or other response to plaintiff's complaint (Doc. 35) is **GRANTED** in accordance with the above recommendation.

### III. Plaintiff's Motion for Default Judgment

Plaintiff moves for default judgment against defendant on the basis that defendant "failed to defend plaintiff[']s complaint and respon[d] to his summons." (Doc. 38). Plaintiff argues that defendant was "granted [an] extension of time of 45 days, up to and including October 19, 2023 to file its answer, motion or other responsive pleading in this case" and defendant has "failed to reply to plaintiff['s] complaint within the time granted. . . ." (*Id*. at PAGEID 188). Plaintiff asks the Court "to enter a default judgment and grant plaintiff [the] relief he demands in his complaint and have the district court grant his '2255 petition'. . . ." (*Id*. at PAGEID 189).

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff is not entitled to default judgment because defendant has not failed to plead or otherwise defend this case. Defendant timely filed motions for extension of time to respond to plaintiff's original complaint (Doc. 31) and to any operative complaint, as amended, pursuant to order of the Court. (Doc. 35). *See* Fed. R. Civ. P. 6(b)(1)(A). It is therefore recommended that plaintiff's motion

6

for default judgment (Doc. 38) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's motion (Doc. 35) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motions for leave to amend the complaint (Docs. 27, 28, 37) be **DENIED with leave to refile** as explained above.

2. Plaintiff's motion for default judgment (Doc. 38) be **DENIED**.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny plaintiff leave to appeal it *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 12/23/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QIAN WILLIAMS,                                   Case No. 1:22-cv-696
    Plaintiff,                                     Dlott, J.
                                                     Litkovitz, M.J.
    vs.

DRUG ENFORCEMENT AGENCY,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).