IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Qian Williams, | : | Case No. 1:22-cv-696 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Order Adopting Report and Recommendation With Modification |
| Drug Enforcement Agency, | : | |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. 39) entered by Magistrate Judge Karen Litkovitz. The Magistrate Judge ordered Defendant's Motion for an extension of time to file an answer or otherwise respond to Plaintiff's complaint be granted and recommended that Plaintiff's motions for leave to amend the complaint (Docs. 27, 28, 37) be denied with leave to refile as explained within the R&R; Plaintiff's motion for default judgment (Doc. 38) be denied; and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed, an appeal of any Order adopting the R&R would not be taken in good faith, and therefore, to deny Plaintiff leave to appeal it *in forma pauperis*.

Plaintiff filed an Objection to the R&R (Doc. 41), and the Defendant filed a Response (Doc. 47).[1] For the reasons that follow, the Court will **ADOPT WITH MODIFICATION** the R&R.

**I.     STANDARD OF LAW**

Title 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure authorize magistrate judges to decide nondispositive matters which have been referred to them.

---

[1] Plaintiff also filed a "Response to Defendant's Response" without leave of Court twenty days after the Defendant's Response was filed. (Doc. 49.) Although the Court will not consider the filing, even if it did, it would not impact the Court's decision in this matter.

1

If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to her conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 343 (6th Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (same). A decision is contrary to law if the magistrate judge has ignored or misapplied the applicable law found in the Constitution, statutes, or case precedent. *See Gandee*, 785 F. Supp. at 686; *Hood*, 2001 WL 327723, at *2.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 18 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).[2] "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R.

---

[2] "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up). Additionally, *de novo* review applies only to matters involving disputed facts. *Id.*

2

Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

"A party's objection should be specific, identify the issues of contention, and 'be clear enough to enable the district court to discern those issues that are dispositive and contentious.'" *Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-05086, 2022 WL 16734656, at *2 (S.D. Ohio Nov. 7, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "When a pleader fails to raise specific issues, the district court will consider this to be 'a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object.'" *Id*. (quoting *Howard v. Sec'y of Health & Hum. Servs*., 932 F.2d 505, 509 (6th Cir. 1991)).

## II. ANALYSIS AND CONCLUSION

The Magistrate Judge amply set forth the procedural history of this case, including Plaintiff Qian Williams's prior conviction on eight gun and drug related charges and subsequent sentence of 420 months of imprisonment. *United States v. Williams*, No. 20-3310, 2021 WL 3079698, at *1 (6th Cir. July 21, 2021), *cert. denied*, 142 S. Ct. 818 (2022). The Sixth Circuit affirmed the judgment of the Court, and Williams filed a motion to vacate his judgment under 28 U.S.C. § 2255, which remains pending. *United States v. Williams*, No. 1:17-cr-117, Doc. 180 (S.D. Ohio).

Plaintiff initiated this action on November 28, 2022. (Doc. 1.) Initially, he asserted a single cause of action under the Freedom of Information Act ("FOIA") to "assist his claim in his 2255 proceeding." (Doc. 1 at PageID 3.) However, he has filed documents with the Court attempting to amend and/or consolidate his complaint several times after that, resulting in significant confusion over who he is attempting to sue and what claims he is attempting to

3

presently assert. (Docs. 27, 28, 28-1, 34, 36, 37.[3]) In short, at the time of the Magistrate Judge's R&R, Williams had filed three motions to amend his FOIA complaint (Docs. 27, 28, 37) and four proposed amended complaints. (Docs. 28-1, 34, 36, 37.) Given the number of proposed complaints filed by Plaintiff, the Court was unable to discern the claims and defendant(s) Plaintiff intends to include in this litigation through his alleged amended complaints. Unable to discern the futility of the proposed amendment(s) under Rule 15(a), the Magistrate Judge therefore recommended denying Plaintiff's request to amend (Docs. 27, 28, 37), but granting leave to refile a single proposed amended complaint and motion in support thereof.

The Court agrees with the Magistrate Judge's recommendation. In his Objection, Plaintiff argues this will cause delay and attempts to assert merit-based arguments about his case. The Court does not find either argument persuasive. As the Magistrate Judge stated: "The Court is not required to sift through plaintiff's numerous motions and proposed amended complaints to discern what claims plaintiff is attempting to bring, the legal basis for such claims, and who the claims are asserted against." (Doc. 39 at PageID 197.)

As such, the Court **ORDERS** Plaintiff to file a motion to amend his complaint accompanied by a single proposed amended complaint, not to exceed 20 pages in length, that identifies all claims asserted against each defendant, as well as the legal basis for each claim within sixty days (60) days of entry of this Order. In addition, the Court **ORDERS** Defendant to respond to Plaintiff's motion within thirty (30) days after the date of service of Plaintiff's motion.[4] While the Magistrate Judge recommended Plaintiff be given thirty days to complete his filings, the Court is aware Plaintiff is traveling due to another litigation in this court and may

---

[3] Since the Magistrate Judge's R&R was filed, Williams filed more documents attempting to supplement and/or consolidate his complaints. (Docs. 43, 48.)

[4] The Magistrate Judge, therefore, ordered that Defendant's motion requesting a thirty-day extension of time to file an answer or otherwise respond to Plaintiff's complaint (Doc. 35) is granted in accordance with its recommendation about allowing Plaintiff to file a new amended complaint.

4

need additional time. As such, the Court will provide sixty days, rather than thirty days, for Plaintiff to file his motion and proposed amended complaint.

The Magistrate Judge also recommended denying Plaintiff's motion for default judgment. (Doc. 38.) She found that Plaintiff is not entitled to default judgment as Defendant has not failed to plead or otherwise defend this case. Defendant timely filed motions for extension of time to respond to Plaintiff's complaint and operative complaint. (Docs. 31, 35.) On this basis, the Magistrate Judge recommended denying Plaintiff's motion for default judgment, a conclusion with which the Undersigned agrees. The Court therefore **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's motion for default judgment (Doc. 38) be denied.

In conclusion, the Magistrate Judge's R&R (Doc. 39) is **ADOPTED WITH MODIFICATION.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore, deny Plaintiff leave to appeal it *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott  
Susan J. Dlott  
United States District Judge