### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QIAN WILLIAMS,
      Plaintiff,

vs.

DRUG ENFORCEMENT
ADMINISTRATION, et al.,
      Defendants.

Case No. 1:22-cv-00696
Dlott, J.
Litkovitz, M.J..

**REPORT AND
RECOMMENDATION**

      Plaintiff Qian Williams, a federal prisoner proceeding pro se, brings this action against

the Drug Enforcement Agency (DEA), DEA agents Kenneth R. Baker and Dale Taylor, and

Attorney David A. Zekoski of the DEA Asset Forfeiture Section alleging violations of his civil

rights.[1] This matter is before the Court on defendants' motion to dismiss the complaint pursuant

to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 73), plaintiff's responsive memorandum in

opposition to the motion to dismiss (Doc. 81)[2], and defendants' reply memorandum to plaintiff's

opposition (Doc. 89).

### I.    Background

      On October 18, 2017, plaintiff was indicted on federal narcotics and weapons offenses

*United States v. Williams*, No. 1:17-cr-117 (S.D. Ohio) (Doc. 12). Plaintiff was convicted after a

jury trial on September 19, 2019, and sentenced to 420 months in prison. *Id.* (Docs. 114, 131).

His conviction was upheld on direct appeal to the Sixth Circuit Court of Appeals. *See United*

*States v. Williams*, No. 20-3310, 2021 WL 3079698 (6th Cir. July 21, 2021).

---

[1] Plaintiff filed multiple amendments to his complaint and other related documents. The undersigned issued a
Report and Recommendation on May 14, 2024, recommending that plaintiff's motions for leave to further amend
the complaint (Docs. 27, 28, 37) be denied, with leave to refile a single, amended complaint identifying all claims
against each defendant. (Doc. 39, *adopted* February 27, 2024, Doc. 50). Plaintiff filed the amended complaint on
April 16, 2024, and as of the date of this opinion, that complaint (Doc. 59) is the *operative* complaint. (*See* Order
Doc. 66 and re-docketed as Amended Complaint Doc. 67).
[2] Plaintiff filed a second Response in Opposition to defendants' Motion to Dismiss on August 5, 2024 (Doc. 86),
which is identical to the one plaintiff filed on July 8, 2024 (Doc. 81).

## II.     Plaintiff's Amended Complaint

Plaintiff's amended complaint challenges certain aspects of his arrest, asset forfeiture, conviction, and incarceration.  (Doc. 67).  The amended complaint alleges that in August 2017, defendant Taylor used a confidential informant to conduct two controlled buys of narcotics from plaintiff.  Taylor then requested that Ohio State Troopers conduct a traffic stop and search of plaintiff and his vehicle.  Plaintiff alleges his two residences were searched without probable cause; defendant Baker was the affiant who applied for a search warrant; and assorted jewelry and $84,795 in U.S. currency was seized.  Plaintiff alleges that Taylor and Baker "planted evidence at plaintiff's criminal trial and conspired to have plaintiff convicted," and the "fabricated informant was the main source of probable cause."  (Doc. 67 at PAGEID 356).  The amended complaint alleges that a DEA informant, Ronald Dungan, provided key evidence in plaintiff's criminal trial, and Dungan was a wanted "fugitive" when defendants DEA and Taylor used him to gather evidence against plaintiff.  (Doc. 67 at PAGEID 354-55).  Plaintiff alleges he was not able to cross-examine Mr. Dungan at trial because Dungan had already been "terminated" as a confidential source prior to plaintiff's indictment, and Dungan died on November 17, 2018.  Plaintiff also alleges the evidence used at his trial was actually seized by defendant Taylor in connection with a separate Kentucky criminal action.

The amended complaint further alleges defendant Zekoski failed to send plaintiff notice of the administrative forfeiture to the Butler County, Ohio Jail where plaintiff was held in federal custody.  Plaintiff additionally alleges that the district court violated his due process rights by not holding a hearing on the administrative forfeiture after plaintiff filed a Fed. R. Crim. P. 41(g) motion.  Finally, plaintiff alleges defendant DEA failed to properly respond to his Freedom of Information Act (FOIA) request for information about the confidential informant.  (Doc. 67 at

PAGEID 358). Plaintiff challenges the legality of the search warrants used to gather evidence in his criminal case, the DEA's refusal to release informant records in accordance with plaintiff's FOIA request, the adequacy of notice executed under the administrative forfeiture action used to seize plaintiff's property ($84,795 in currency and assorted jewelry), and various actions of defendants and the district court at his criminal trial. (Doc. 67).

Specifically, plaintiff's first cause of action alleges three separate due process claims. First, plaintiff alleges defendant DEA violated his due process rights by failing to respond to plaintiff's FOIA request (22-00837-F) for the informant's case file, first by providing only a "Glomar"[3] response, and ultimately failing to turn over the case file for the "fugitive informant" utilized by defendants Taylor and Baker. (Doc. 67 at PAGEID 353, 358). Second, plaintiff alleges defendants DEA and Zekoski failed to send notice of any pending administrative forfeiture to plaintiff or "publish the seizure in the newspaper for three successive weeks." (Doc. 67 at PAGEID 358). Third, plaintiff alleges the use of a "fugitive as an informant" was a violation of his due process rights. (Doc. 67 at PAGEID 358).

Plaintiff's second cause of action alleges defendants Taylor and Baker conducted illegal searches and seizures in violation of plaintiff's Fourth Amendment rights. (Doc. 67 at PAGEID 359). Plaintiff alleges the warrants served on August 17, 2017, at 1412 and 1416 Randomhill Road were invalid because defendants Taylor and Baker "conspired to have plaintiff convicted" by utilizing a "fugitive informant" as the "main source of probable cause" for the search warrants. (Doc. 67 at PAGEID 356). Plaintiff asserts the warrants were further invalidated

---

[3] *See Memphis Pub. Co. v. F.B.I.*, 879 F. Supp. 2d 1, 6 (D.D.C. 2012) (noting that a "Glomar" response is one in which an agency may refuse to "confirm or deny the existence of responsive records when 'to answer the FOIA inquiry would cause harm cognizable under an ... exception.'" (quoting *Gardels v. C. I. A.*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)).

because they were signed by a municipal court judge who "lacked the authority to even issue search warrants" (Doc. 67 at PAGEID 359) and were signed by the judge after the warrants were served on plaintiff. (Doc. 67 at PAGEID 356).

Plaintiff's third and fourth causes of action involve actions by the "district court," which notably is not named as a defendant in this action. The third claim for relief alleges the district court "failed to issue a preliminary order at trial or sentencing . . . [and] failed to hold a hearing after [a] motion to return property was filed" in violation of Fed. R. Crim. 32.2(b). (Doc. 67 at PAGEID 360). The fourth claim for relief alleges plaintiff's Sixth Amendment rights were violated during his criminal trial because he was not allowed to cross examine the informant, and the "district court failed to answer the jury question all left them confused." (*Id.*). Plaintiff's third and fourth claims for relief do not state that the named defendants were involved in the violations alleged.

As relief, plaintiff seeks a court order: (1) vacating plaintiff's conviction on the basis that the defendants used a "fugitive" informant; (2) for the DEA to provide either a Vaughn index or the case file for the "fugitive" informant, in fulfillment of his FOIA request;[4] and (3) for the DEA to vacate the administrative forfeiture and return plaintiff's property with 10% interest accrued since seizure, or commence a new forfeiture in compliance with due process. Plaintiff seeks declaratory judgments that the evidence collected by defendants and used in his criminal case was obtained unconstitutionally, therefore rendering plaintiff's conviction and subsequent asset forfeiture invalid (Doc. 67 at PAGEID 361-62), and the DEA's failure to comply with his FOIA request for the informant's case file violates his due process. (Doc. 67 at PAGEID 362).

---

[4] Plaintiff also seeks relief from defendants in the form of a "copy of Kenneth Baker's investigation case 1:21-cr-127[sic]" but does not address anywhere in his complaint how these documents relate to his stated claims or whether he has made a FOIA request for these documents. (Doc. 67 at PAGEID 360, ¶ 39).

Plaintiff also seeks an order: requiring the DEA to comply with plaintiff's FOIA request; dismissing the indictment against him; returning his seized property; and requiring "Judge Michael R. Barrett to immediately send an order to Edgefield Correctional Institution with [an] order of immediate release." (Doc. 67 at PAGEID 362-63). Lastly, plaintiff seeks compensatory and punitive damages for violations of his Fourth, Fifth, and Sixth Amendment rights.

Defendants seek dismissal of plaintiff's amended complaint. First, defendants allege the Court lacks subject matter jurisdiction over the amended complaint. They argue plaintiff's claims are barred by sovereign immunity. Defendants also argue plaintiff is attempting to overturn his criminal conviction and collaterally attack the decisions made by the district judge in his criminal case and by the Sixth Circuit on appeal. To the extent the Court does have jurisdiction to consider plaintiff's claims, defendants argue the amended complaint fails to state a claim upon which relief may be granted. (Doc. 73).

In his response to the motion to dismiss, plaintiff alleges he is not seeking to overturn his conviction, but rather he seeks "evidence" to use in a pending motion to vacate his conviction and sentence under 28 U.S.C. § 2255, which was filed in his criminal action. Plaintiff also "moves to voluntary (sic) dismissal of the Second Cause of Action, Third Cause of Action and Fourth Cause of Action pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), (B), for the sake of judicial economy." (Doc. 81 at PAGEID 428). He states he additionally "moves to only raise his First Cause of Action in part on the FOIA request going to the original complaint of DEA given (sic) an improper response. . . ." (*Id.*). Plaintiff alleges his amended complaint does state a due process claim because the DEA improperly responded to his FOIA request, and he has been denied due process "to obtain evidence in his favor under the Sixth Amendment compulsory process." (*Id.* at PAGEID 429).

As an initial matter, to the extent plaintiff seeks to again amend his complaint and revert back to the original complaint filed in this matter, that motion is denied. As the Court has previously ruled:

> Plaintiff has filed numerous complaints[5] and amended complaints in this action causing confusion regarding what relief he seeks and from whom he seeks it. Consequently, Judge Dlott ordered plaintiff to file one consolidated amended complaint, which plaintiff has now done with the filing of his amended complaint on April 16, 2024, at Docket No. 59[6], and which the Court construes as the operative complaint in this case moving forward. Given these circumstances, the Court will not permit plaintiff to file any additional complaints and/or amended complaints.

(Doc. 66 at PAGEID 350-51).

To the extent plaintiff may be seeking to dismiss the second, third, and fourth causes of action "without prejudice," that request is also denied. For the reasons that follow, each of plaintiff's causes of action should be dismissed with prejudice for lack of jurisdiction or for failure to state a claim for relief.

## III. Whether the Court has Jurisdiction over the Amended Complaint

The question of subject matter jurisdiction is "a threshold determination." *Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *2 (6th Cir. Nov. 6, 2023) (quoting *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)). Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject-matter jurisdiction. Rule 12(b)(1) motions involve either a facial attack or factual attack. *Global Technology, Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). A facial attack "questions merely the sufficiency of the pleading." *Genetek Bldg. Prods., Inc v. Sherwin-Williams Co.*, 491 F.3d 320,

---

[5] As of the date of that Order, plaintiff had filed at least thirteen different filings related to motions to amend complaints, motions to consolidate complaints, amended complaints and/or supplemental complaints. (Doc. 66 at PAGEID 350 n.2).
[6] As noted above, the operative amended complaint was refiled as Document 67.

330 (6th Cir. 2007). When reviewing a facial attack, a court must apply the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Global Technology*, 807 F.3d at 810.

"When a Rule 12(b)(1) motion attacks a complaint's factual predicate, the court does not presume that the plaintiff's factual allegations are true." *Id*. Rather, "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673. F.3d 430, 440 (6th Cir. 2012)). "As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction." *Id*.

The Court construes defendants' jurisdictional challenge as a facial attack[7] as it is based on the Court's acceptance of the facts set forth in the amended complaint. To the extent defendants argue that the Court lacks jurisdiction because plaintiff has not met his burden to allege a waiver of sovereign immunity against the DEA and defendants Baker, Taylor, and Zekoski in their official capacities, the Court addresses sovereign immunity in connection with its review of plaintiff's first cause of action in Section B. below.

Defendants also argue the Court lacks jurisdiction because plaintiff is seeking to collaterally attack the Sixth Circuit's decision upholding his conviction by bringing claims related to his trial proceedings. The Sixth Circuit has recently determined:

> A collateral attack is "[a]n attack on a judgment in a proceeding other than on a direct appeal." *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (alterations and emphasis in original) (quoting Black's Law Dictionary 318 (10th ed. 2014)). Such an attack "seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court." *Pratt v. Ventas, Inc*., 365 F.3d 514, 519 (6th Cir. 2004). In this vein, collateral attacks exist where the relief sought would, in some way, overrule another court's ruling. *See Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 933 (8th Cir. 2000). Declining to entertain collateral attacks promotes judicial efficiency and order.

---

[7] While the DEA asserts it is also alleging a factual challenge to the Court's jurisdiction, the Court is unable to discern the basis for this challenge.

*Republic Bldg. Co., Inc. v. Charter Twp. of Clinton, Michigan*, 81 F.4th 662, 666 (6th Cir. 2023). The prohibition on collateral attacks, however, is not jurisdictional. *Id*. "[I]t does not speak to the 'court's authority to hear a given type of case' nor to 'the extent to which a court can rule on the conduct of persons or the status of things.'" *Id*. (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009)). Rather, "dismissal of a collateral attack is more in the nature of res judicata. . . ." *Id*. (citing *Bus. Dev. Corp. of S.C. v. Rutter & Russin, LLC*, 37 F.4th 1123, 1127 & 1129 (6th Cir. 2022)).

Defendants' jurisdictional argument is misplaced. Any collateral attack by plaintiff on the district judge and Sixth Circuit's decisions in his criminal case does not deprive the Court of subject matter jurisdiction over plaintiff's amended complaint. *Republic Bldg. Co., Inc*, 81 F.4th at 666. Plaintiff's amended complaint, liberally construed, invokes the Court's federal question jurisdiction on the second cause of action against defendants Baker and Taylor in their individual capacities. Plaintiff's second cause of action "arise[s] under" federal law because he challenges the federal constitutionality of these defendants' actions. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Plaintiff's third and fourth causes of action challenges the constitutionality of the district court's actions in his criminal trial, which likewise invokes the Court's "arising under" jurisdiction. *Id*. Therefore, the Court declines to recommend dismissal for lack of jurisdiction on plaintiff's second, third and fourth causes of action and will review the motion to dismiss under Rule 12(b)(6).

## IV. Whether the Amended Complaint States a Claim for Relief Under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "short

and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Rule 8(a)). A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Further, it is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Sixth Circuit has also recognized, however, that this liberal construction does not come at the expense of "abrogat[ing] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

### A. The Second, Third, and Fourth Causes of Action Should be Dismissed

Plaintiff's second cause of action asserts defendants Taylor and Baker violated his Fourth Amendment rights by conducting illegal searches and seizures of his property and by using a "fugitive informant" to establish probable cause for a warrant. Plaintiff also alleges Taylor and Baker "planted evidence" to use at trial. (Doc. 67 at PAGEID 356-59). Plaintiff's third and fourth causes of action challenge the district court's alleged failure to issue certain orders, hold hearings, allow cross-examination of the informant, and to permit jury questions. (*Id*. at PAGEID 360).

### 1. __Collateral Estoppel__

Defendants argue that plaintiff is collaterally estopped from relitigating issues decided in his underlying criminal action.  These include the claims raised in plaintiff's second cause of action: (1) whether there was probable cause for the search and seizure of his property because a "fugitive informant" was "the main source of probable cause" and the warrants were signed by a municipal court judge and not a federal magistrate judge, and (2) whether defendants Taylor and Baker "planted evidence" to be used at trial.  (Doc. 73 at PAGEID 389-94).

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  "The doctrine of collateral estoppel operates when three requirements are met: (1) the issue in the current action and the prior action are identical; (2) the issue was actually litigated; and (3) the issue was necessary and essential to the judgment on the merits." *United States v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001).  "No rule of law precludes a prior criminal conviction from having preclusive effect in a subsequent civil proceeding between the government and the defendant." *Id.* (citing *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the government in a subsequent civil proceeding.")).  In addition, "[i]n the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." *Beaty*, 245 F.3d at 624 (quoting *Emich Motors Corp*, 340 U.S. at 569).

Collateral estoppel bars re-litigation of plaintiff's Fourth Amendment claim of unreasonable search and seizure because the same issue of whether defendants had probable

10

cause to search was litigated by a motion to suppress in plaintiff's criminal case and upheld by the Sixth Circuit on direct appeal.  In his motion to suppress, plaintiff's challenges to the confidential informant's credibility and to the authority of the municipal court judge to issue the warrant were specifically addressed and rejected by the district judge (No. 1:17-cr-117, Doc. 63), whose decision was upheld by the Sixth Circuit on appeal.  *Williams*, 2021 WL 3079698, at *2. Likewise, plaintiff's assertion that agents Baker and Taylor "planted evidence" was addressed and rejected on appeal by the Sixth Circuit.  *Williams*, 2021 WL 3079698, at *4.  The three elements of collateral estoppel are satisfied, and plaintiff may not relitigate his second cause of action in this civil action.

## 2. <u>Third and Fourth Causes of Action</u>

Plaintiff's third and fourth causes of action should be dismissed.  Plaintiff's third and fourth causes of action allege the district judge in his criminal case violated Fed. R. Crim. 32.2(b) and the Sixth Amendment.  (Doc. 67 at PAGEID 360).  Plaintiff claims the district judge failed to (1) "issue a preliminary order at trial or at sentencing as required per Rule 32.2(b); (2) "hold a hearing after [plaintiff's] Motion to Return property was filed"; (3) allow him to "cross examine the alleged informant"; and (4) "answer the jury question all left them confused and caused an improper verdict."  (Doc. 67 at PAGEID 360).  Plaintiff does not name the district judge as a defendant in the amended complaint.  Even if he did, the district judge would be absolutely immune from a suit for damages, *see Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978), and for injunctive and others forms of equitable relief. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (applying judicial immunity to federal judges in *Bivens* suits for damages, injunctive and equitable relief).  In addition, plaintiff alleges no facts plausibly suggesting that

defendants DEA, Taylor, Baker or Zekoski were in any way involved in the actions described in his third and fourth causes of action.  The third and fourth causes of action fail to state a claim under which relief can be granted and should be dismissed.

### 3.  *Heck v. Humphrey* Doctrine

Plaintiff's second, third and fourth causes of action also fail to state viable claims for relief because a ruling in his favor on any of those claims would necessarily cast doubt on the validity of his criminal conviction.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok,* 520 U.S. 641, 643 (1997).  In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated.  *Heck*, 512 U.S. at 486-87.  When a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *see also Edwards*, 520 U.S. at 643.  Although *Heck* addressed only claims seeking monetary damages, the Supreme Court later made clear that the *Heck* bar extends to claims seeking injunctive or declaratory relief that would necessarily imply that a conviction or sentence is invalid.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original); *Thomas v. Eby*, 481 F.3d 434, 438-39 (6th Cir. 2007).  Although *Heck* was brought under 42 U.S.C. § 1983, it applies equally to *Bivens* claims against federal actors.[8]  *Robinson v. Jones,* 142 F.3d 905, 906-07 (6th Cir. 1998) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994)).  Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal court or other appropriate tribunal, he may not proceed with his second, third, and fourth causes of action.

### 4.  Duplicative claims

Plaintiff's Fourth Amendment claims against defendants Baker and Taylor should also be dismissed as duplicative of claims he filed in *Williams v. Taylor*, No. 1:22-cv-769 (S.D. Ohio). The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *Stewart v. Procter & Gamble Co.*, No. 1:06-cv-374, 2006 WL 2620441, at *2 (S.D. Ohio Sept. 12, 2006) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000)).  The District Court, therefore, has the inherent power to dismiss an action when it is

---

[8] Plaintiff's constitutional claims against defendants Taylor and Baker are construed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  A *Bivens* action "allows civil rights claims against federal officials that are analogous to those brought against state officials under 42 U.S.C. § 1983." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

duplicative of another action pending in the federal court.  *See, e.g., Ball v. Obama,* No. 1:13-cv-204, 2013 WL 2153967 (S.D. Ohio May 16, 2013); *Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Report and Recommendation) (and numerous cases cited therein), *adopted,* 2012 WL 869289 (S.D. Ohio Mar. 14, 2012).  Such power should be exercised in this case.

In *Williams v. Taylor*, No. 1:22-cv-769 (S.D. Ohio), plaintiff names defendants Taylor and Baker in his complaint, and alleges the following Fourth Amendment violations: "illegal seizure; unreasonable search [sic] of 1416 and 1412 Randomhill Rd; warrantless stop of motor vehicle; arrest without probable cause; arrest without warrant . . . harboring a fugitive."  (No. 1:22-cv-769, Doc. 1 at PAGEID 1; *see also* Doc. 1 at PAGEID 9-10, ¶¶ 43-52).  Plaintiff alleges his due process rights were violated by defendants Taylor and Baker's use of an "informant that was a fugitive at the time," who defendants "terminated [as an informant] . . . before plaintiff[']s grand jury hearing."  (No. 1:22-cv-769, Doc. 1 at PAGEID 10-11, ¶ 53-61; *see also* Doc. 1, ¶¶ 9, 18, 38-40).  Plaintiff further states that "when plaintiff asked for [the informant's] name[,] plaintiff was given a name of a dead man."  (No. 1:22-cv-769, Doc. 1 at ¶ 10).  On initial screening of plaintiff's complaint under 28 U.S.C. § 1915A, Magistrate Judge Gentry recommended that the Court dismiss plaintiff's complaint in its entirety with prejudice.  (No. 1:22-cv-769, Doc. 18).  The matter is pending on plaintiff's objections to the Report and Recommendation.

Plaintiff's claims in the instant case are nearly identical.  Here, plaintiff alleges the same defendants, Taylor and Baker, violated his Fourth Amendment rights by "illegally seiz[ing] the assorted jewelry and the [$]84,795.00 in U.S. currency" (Doc. 67 at PAGEID 357), conducting a "warrantless search of 1416 and 1412 Randomhill Road [] on August 17, 2017," requesting state

troopers "conduct a warrantless stop of plaintiff's vehicle," and having plaintiff "arrested without probable cause or an arrest warrant."  (Doc. 67 at PAGEID 353-54).  Plaintiff states he "was not able to cross-exam[ine] the alleged informant Ronald Dungan because he was terminated before plaintiff's indictment and found dead on November 17, 2018."  (Doc. 1 at PAGEID 358).  Plaintiff states defendants Taylor and Baker "planted evidence at plaintiff's criminal trial and conspired to have plaintiff convicted" (Doc 67 at PAGEID 359), and "fabricated" evidence[9] that was used against plaintiff.  (Doc 67 at PAGEID 359).

As the Fourth Amendment claims against defendants Taylor and Baker in the instant complaint are duplicative of allegations contained in an earlier-filed complaint currently pending before this Court[10], these claims should be dismissed.

## B.  Plaintiff's First Cause of Action

Plaintiff's first cause of action alleges three separate due process claims.  The Court addresses each one separately.

### 1.  Use of "fugitive as an informant"

Plaintiff's first cause of action is captioned as a "Due Process Violation" and challenges, in part, defendants Taylor and Baker's use of a "fugitive as an informant," which plaintiff states "violated the 4th Amendment and 5th Amendment[s]."  (Doc. 67 at PAGEID 358).  For the reasons set forth above, to the extent plaintiff alleges defendants Taylor and Baker violated his Fourth Amendment rights by using a "fugitive as an informant" to establish probable cause for

---

[9] Plaintiff does not specify what evidence he is referring to in this statement, but in other areas of the amended complaint he refers to defendant Taylor's use of a "fabricated controlled buy" (Doc. 67 at PAGEID 59), and a "fabricated informant."  (Doc. 67 at PAGEID 56).

[10] Although the instant case was initiated prior to the filing of the complaint in *Williams v. Taylor*, Doc. No. 1:22-cv-769 (S.D. Ohio), the operative amended complaint in this action was filed after Judge Gentry's recommended dismissal of Williams' claims in that case.

the search warrants, his Fourth Amendment claims are barred by collateral estoppel and the *Heck* doctrine.

To the extent plaintiff alleges Taylor and Baker violated his Fifth Amendment right to due process, the amended complaint fails to state a claim for relief under *Bivens*.[11] The United States Supreme Court has recognized a private right of action under *Bivens* in three contexts:

> (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures, *Bivens*, 403 U.S. at 397; (2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14 (1980).

*Patton v. Blackburn*, No. 21-5995, 2023 WL 7183139, at *2 (6th Cir. May 2, 2023) (citing *Egbert v. Boule*, 596 U.S. 482, 491 (2022)). Recognizing new causes of action under Bivens "is 'a disfavored judicial activity.'" *Egbert*, 596 U.S. at 491 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). In deciding "whether *Bivens* can afford relief in a particular case, a court must first ask 'whether the case presents a new *Bivens* context—*i.e.*, is it meaningful[ly] different from the three cases in which the Court has implied a damages action.'" *Patton*, 2023 WL 7183139, at *2 (internal quotations omitted) (quoting *Egbert*, 596 U.S. at 483 (alteration in original) (in turn quoting *Ziglar* 582 U.S. at 135)).

> If so, the context is new, and a *Bivens* remedy is "unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

*Patton*, 2023 WL 7183139, at *2.

---

[11] As *Bivens* claims may only be pursued against federal employees in their individual capacity and are not available against the agencies that employ them, *see Iqbal*, 556 U.S. at 676; *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994), the Court construes plaintiff's *Bivens'* claim as being brought against defendants Baker and Taylor and not the DEA.

Here, plaintiff has not alleged facts sufficient to establish a *Bivens* claim in one of the three, specifically-recognized contexts set forth above. Nor has he provided any justification (and the Court cannot discern any) for expanding the *Bivens* remedy to the Fifth Amendment due process claim he alleges in this case. *See Anjorin v. Crumpler*, No. CV 19-11719, 2020 WL 4722420, at *5 (E.D. Mich. Mar. 17, 2020) (Report and Recommendation), *adopted*, 2020 WL 4700840 (E.D. Mich. Aug. 13, 2020) (and cases cited therein). Further, *Bivens* claims are typically precluded when there is an available alternative remedy designed to protect the constitutional interest at stake. *Koprowski v. Baker*, 822 F.3d 248, 250 (6th Cir. 2016). Plaintiff's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 raises this identical claim and provides a remedy to plaintiff. (No. 1:17-cr-117, Doc. 180 at PAGEID 1846, 1860-1863, 1870). In any event, any *Bivens* claim would be barred by the *Heck* doctrine for the reasons discussed in connection with plaintiff's Fourth Amendment claims against defendants Taylor and Baker. Thus, plaintiff's Fifth Amendment claim based on use of a "fugitive as an informant" should be dismissed.

## 2. <u>Response to FOIA Request</u>

The amended complaint also alleges defendant DEA violated plaintiff's due process rights by failing to respond to plaintiff's FOIA request (22-00837-F) for the informant's case file, first by providing only a "Glomar" response, and ultimately failing to turn over the case file for the "fugitive informant" utilized by defendants Taylor and Baker. (Doc. 67 at PAGEID 353, 358).

The FOIA was enacted "to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). When a citizen seeks documents that are "reasonably described" in a request, FOIA requires an agency to make them "promptly

17

available." 5 U.S.C. § 552(a)(3). There is a strong presumption in favor of disclosure under the FOIA. *U.S. Dep't of State*, 502 U.S. at 173 (citations omitted). The FOIA calls for full disclosure of the activities of federal agencies "unless information is exempted under clearly delineated statutory language." *Jones v. Federal Bureau of Investigations*, 41 F.3d 238, 244 (6th Cir. 1994) (citing *Dep't of Air Force v. Rose,* 425 U.S. 352, 361, 372 (1976) (quoting S.Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)). The FOIA vests jurisdiction in the district court to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). To establish jurisdiction under the FOIA, the plaintiff must show that the agency (1) "improperly" (2) "withheld" (3) "agency records." *Id.* at 150 (quoting 5 U.S.C. § 552(a)(4)(B)).

However, the FOIA does have its limitations when a plaintiff is alleging a constitutional violation in relation to a FOIA request. As relevant to this case, "[t]he denial of a FOIA request does not create a due process claim." *Freeman v. Fine*, 820 F. App'x 836, 839 (11th Cir. 2020) (citing *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-37 (10th Cir. 2007)). The "FOIA does not offer a remedy for alleged violations of constitutional rights arising from the handling of a FOIA request, even if the plaintiff intends to use the requested records to support a challenge to his criminal conviction." *Houser v. Church*, 271 F. Supp. 3d 197, 204 (D.D.C. 2017) (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) and *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (rejecting the requester's assertion of a due process right to discovery in his criminal case as a basis for disclosure of records under the FOIA)). "That principle holds even when the delay allegedly prejudiced the plaintiff in some other proceeding." *Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp. 3d 9, 22 (D.D.C.

2018) (citing *Sanchez-Alanis v. Federal Bureau of Prisons*, 270 F. Supp. 3d 215, 219 (D.D.C. 2017) (holding that when the "the comprehensiveness of FOIA . . . precludes the creation of a . . . remedy' predicated on a constitutional violation.")).

Plaintiff alleges in both his amended complaint and in his responsive memorandum to the instant motion that the denial of his FOIA request is a "due process violation." (Doc. 67 at PAGEID 353, 358; Doc. 81 at PAGEID 423). Because the denial of a FOIA request by itself does not create a due process claim, plaintiff's amended complaint fails to state a claim for relief against the DEA for its handling of his FOIA request.[12] Therefore, the Court recommends that defendants' motion to dismiss plaintiff's due process claims related to his FOIA request be granted.

### 3.   Lack of Notice for Administrative Forfeiture

The amended complaint alleges that defendants DEA and Zekoski violated plaintiff's due process rights when they failed to send notice of any pending administrative forfeiture to plaintiff or "publish the seizure in the newspaper for three successive weeks." (Doc. 67 at PAGEID 358). Plaintiff's criminal case reflects the DEA, pursuant to 21 U.S.C. § 881 (applying Title 19 customs forfeiture process to Title 21 drug cases) and 19 U.S.C. §§ 1607, 1609, administratively forfeited the $84,795 and assorted jewelry seized on August 17, 2017 from plaintiff. (No. 1:17-cr-117, Doc. 132, 132-2). Defendant DEA certified that it published notice of the intent to forfeit on a government website www.forfeiture.gov for thirty days, in accordance with 19 U.S.C. § 1607(a) (directing notice to be published for at least three successive weeks as directed by the

---

[12] Defendants further contend that plaintiff's operative complaint (Doc. 67) fails to state an actionable statutory FOIA claim because the requested records have been produced, rendering the claim moot. Plaintiff asserts the DEA has not turned over the requested records, including the informant's case file or, in the alternative, a Vaughn index. The Court need not consider that issue because the only FOIA claim plaintiff asserts in the amended complaint is that defendant DEA's failure to produce the informant case file violated his due process rights. (Doc. 67, ¶¶ 1, 27).

agency head). (No. 1:17-cr-117, Doc. 379-1 at PAGEID 4247-4250).[13] Defendant Zekoski

signed the declaration of forfeiture for the currency on January 12, 2018, and another declaration

for the jewelry on March 7, 2018, declaring that the "[n]otice of seizure has been sent to all

known parties who may have a legal or possessory interest in the property." (No. 1:17-cr-117,

Docs. 132-1, 132-2).

Plaintiff alleges he never received notice of the administrative forfeiture, and therefore

defendants DEA and Zekoski violated his due process rights.

To the extent plaintiff sues defendant Zekoski in his individual capacity for a Fifth

Amendment due process violation, plaintiff's amended complaint fails to state a claim for relief.

For purposes of this individual capacity claim against defendant Zekoski, the Court assumes,

arguendo, that plaintiff is bringing a civil rights action under *Bivens*. First, plaintiff has not

presented a justification for expanding the *Bivens* remedy to the due process claim alleged

against Zekoski. *See supra* at pp. 16-17. In addition, the Supreme Court "has not expressly held

that *Bivens* provides a remedy for plaintiffs pursuing Fifth Amendment procedural due process

claims relating to the forfeiture of seized property." *Pursley v. Orzazio*, No. 19-5050, 2019 WL

7592351, at *2 (6th Cir. Aug. 16, 2019). Second, the due process claim against Zekoski is time-

barred. The statute of limitations for federal constitutional damages actions is governed by the

state law limitations period for personal injury actions. *Harris v. United States*, 422 F.3d 322,

331 (6th Cir. 2005). Because *Bivens* claims arising in Ohio are governed by the two-year statute

of limitations applicable to personal injury claims contained in Ohio Rev. Code § 2305.10, *see*

*Harris*, 422 F.3d at 331, plaintiff's due process claim against defendant Zekoski was filed well

---

[13] The government filed this certification in conjunction with its response in opposition to Mr. Williams' motion to set aside declaration of forfeiture (Doc. 365) filed in his criminal case.

after the statute of limitations expired on March 9, 2022.[14]  Therefore, the due process claim against defendant Zekoski in his individual capacity should be dismissed.

To the extent plaintiff names defendant Zekoski in his official capacity, this claim is treated as a claim against the United States.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012) ("The assertion of constitutional claims against the individual federal defendants as agents of the United States is, in effect, a suit against the United States.") (citing *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002)). Likewise, a claim against defendant DEA is, in reality, a suit against the United States.  *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 342-43 (6th Cir. 1984) (United States is the real party in interest in suit against federal agency); *Anderson v. Drug Enf't Admin*., No. 2:20cv02071, 2020 WL 4577708, at *2 (W.D. Tenn. July 23, 2020) (claims against DEA are construed as claims against the United States) (report and recommendation), *adopted*, 2020 WL 4569938 (W.D. Tenn. Aug. 7, 2020).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (quoting *Munaco v. United States,* 522 F.3d 651, 652-53 (6th Cir. 2008) (in turn quoting *United States v. Mitchell,* 463 U.S. 206, 212 (1983)).  As the Sixth Circuit explained:

> This means "[t]he United States cannot be sued at all without the consent of Congress." *Block v. North Dakota,* 461 U.S. 273, 287 (1983).  Sovereign immunity "extends to agencies of the United States" or "federal officers [acting] in their official capacities." *Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir. 1993); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994).  A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute.  *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34 (1992).

---

[14] The DEA filed its Notice of Completed Forfeiture on March 9, 2020 (No. 1:17-cr-117, Doc. 132), and plaintiff clearly had notice of the forfeiture by this date.  *See* Motion for Return of Property, No. 1:17-cv-117 (Doc. 139).

*Muniz-Muniz*, 741 F.3d at 671. Thus, without a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over plaintiff's due process claims against defendants DEA and Zekoski. The burden is on plaintiff to "identify a waiver of sovereign immunity in order to proceed against the United States . . . [and] [i]f he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000) (citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)).

Plaintiff's due process claim for money damages against defendants DEA and Zekoski is barred by sovereign immunity. "The United States has not waived its sovereign immunity in suits for money damages because of alleged constitutional violations." *Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012) (citing *Blakely*, 276 F.3d at 870; *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000)). Therefore, to the extent the amended complaint seeks money damages from the DEA and defendant Zekoski in his official capacity for the alleged constitutional violation, plaintiff's claim must be dismissed.

Plaintiff does not allege a statutory waiver of sovereign immunity for the injunctive and declaratory relief he seeks. Assuming, arguendo, plaintiff invokes the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., for waiver of sovereign immunity, plaintiff's amended complaint still fails to state a claim for relief under the APA.

The APA's "waiver of sovereign immunity extends to all non-monetary claims against federal agencies and their officers sued in their official capacity, regardless of whether plaintiff seeks review of 'agency action' or 'final agency action' as set forth in § 704." *Muniz-Muniz*, 741 F.3d at 672; *see* 5 U.S.C. § 702. The APA establishes a cause of action against the United States Government for any "person suffering legal wrong because of agency action," 5 U.S.C. § 702, "for which there is *no other adequate remedy in court*." *Haines v. Fed. Motor Carrier Safety*

*Admin.*, 814 F.3d 417, 427 (6th Cir. 2016) (quoting *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006)) (emphasis added); *see* 5 U.S.C. § 704. The Sixth Circuit has determined:

> "To state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action for which there is no other adequate remedy in court." *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006). The "requirement that there be no other 'adequate remedy in court' insures that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." *Id.* at 501. With respect to that requirement, "[t]he essential inquiry is whether another statutory scheme of judicial review exists so as to preclude review under the more general provisions of the APA." *Id.*

*Hood v. Off. of Pers. Mgmt.*, No. 16-2276, 2017 WL 4124881, at *2 (6th Cir. Aug. 10, 2017).

Plaintiff does not satisfy the APA's "no other adequate remedy in court" prerequisite for a waiver of sovereign immunity. The Civil Asset Forfeiture Reform Act (CAFRA) provides the exclusive mechanism for challenging nonjudicial forfeitures, *Miller v. Drug Enf't Admin.*, 566 F. App'x 395, 397 (6th Cir. 2014) (citing 18 U.S.C. § 983(e)(5)), and thus a "statutory scheme of judicial review exists so as to preclude review under the more general provisions of the APA." *Haines*, 814 F.3d at 427-28 (6th Cir. 2016) *(*quoting *Bangura*, 434 F.3d at 501) (citations omitted). CAFRA provides that "the Government is required to send written notice to interested parties . . . in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i). Further, "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture . . . not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(1), (3). Because he had a remedy available to him under CAFRA, plaintiff fails to state a claim under the APA. Accordingly, the waiver of immunity provided under the

23

APA does not apply to plaintiff's due process claim for inadequate notice, and the Court lacks subject matter jurisdiction over the claim.

Thus, plaintiff's remedy for challenging the claimed lack of notice of the administrative forfeiture is the filing of a motion to set aside forfeiture under 18 U.S.C. § 983(e).  Plaintiff's amended complaint does not bring a claim under 18 U.S.C. § 983(e).  While plaintiff did file a motion to set aside a declaration of forfeiture under 18 U.S.C. § 983(e) prior to his filing of the operative amended complaint in this case, that motion is untimely.  "A motion to set aside a declaration of forfeiture must be filed within five years after the date of final publication of notice of seizure of the property."  *United States v. Rhaburn*, No. 3:04-cr-086(2), 2014 WL 12884339, at *2 (S.D. Ohio Mar. 5, 2014) (citing 18 U.S.C. § 983(e)(3)).  Plaintiff's motion was filed on March 26, 2024 (Doc. 58), some seven years after the DEA published the final notices of forfeiture of plaintiff's $84,795 in currency on October 31, 2017 and plaintiff's jewelry on November 21, 2017.  (No. 1:17-cr-117, Doc. 379-1).  The five-year statute of limitations under CAFRA's exclusive remedy for failure to provide notice to plaintiff expired on October 31, 2022 and November 21, 2022, respectively.  Thus, even if the Court were to consider plaintiff's motion to set aside forfeiture in addition to the operative amended complaint, the Court would deny plaintiff's motion as untimely.

Therefore, defendant's motion to dismiss plaintiff's due process claim should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's amended complaint be dismissed with prejudice.

Date: 12/18/2024

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QIAN WILLIAMS,                                    Case No. 1:22-cv-00696
      Plaintiff,

                                     Dlott, J.
      vs.                                         Litkovitz, M.J.

DRUG ENFORCEMENT
ADMINISTRATION, et al.,
      Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).