IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QIAN WILLIAMS, | : |
| *Plaintiff*, | : Case No. 1:22-cv-00696-JPH-KLL |
| vs. | : Judge Jeffery P. Hopkins |
| DRUG ENFORCEMENT ADMINSTRATION, *et al.*, | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation (Doc. 91) issued by Magistrate Judge Karen L. Litkovitz on December 18, 2024. The Magistrate Judge recommends that Plaintiff's Amended Complaint (Doc. 67) be dismissed with prejudice. Doc. 91, PageID 508. On January 8, 2025, Plaintiff filed a document purporting to be objections. Doc. 93-1. Defendant has filed a response to those objections. Doc. 98.

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Importantly, however, review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). This means that general or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Here, the Court cannot discern any

specific objections from Plaintiff's filing.[1] Plaintiff has therefore forfeited *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

With this in mind, and having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022).

Accordingly, it is hereby **ORDERED** that: Plaintiff's Amended Complaint (Doc. 67) be **DISMISSED WITH PREJUDICE**; that Plaintiff's 5 U.S.C. 552(c) Motion (Doc. 97) and Motion for Sanctions (Doc. 102) be **DENIED AS MOOT**; and that Plaintiffs' Motions to

---

[1] Plaintiff lodges three (3) purported objections: (1) FOIA Request Response; (2) Voluntary Dismissal; and (3) Baker's Disciplinary Record. Doc. 93-1.

The Court is unable to identify a specific legal basis for the first objection. As best the Court can ascertain, Plaintiff does not object to the Magistrate Judge's Report and Recommendation but restates his allegations in the Amended Complaint and objects generally to Defendants' "not provid[ing] [P]laintiff with [a confidential informant's] casefile" and Defendants' "intentional withholding [of] agency records improperly." *Id.* at PageID 523. This is not clearly stated nor specific, and—puzzlingly—Plaintiff appears to petition this Court to *deny* his own objection. *See id.* at PageID 522 ("Plaintiff objection [*sic*] to the report and recommendation off [*sic*] the dismissal for a due process claim related to his FOIA request should be denied.").

Plaintiff's second objection fares no better. Plaintiff petitions this Court not deny his motion for voluntary dismissal because "[Plaintiff] is proceeding *pro se* and civil matter [*sic*] are complex no [*sic*] prejudice will be caused to [D]efendant." *Id.* at PageID 524. But Plaintiff's failure to allege that the Magistrate Judge committed a particular legal error renders his purported "objection" nothing more than a generalized—and legally inactionable—grievance.

Plaintiff's third objection is simply a request that this Court "not adopt the Report and Recommendation in whole but only in part to order [D]efendants [to] produce the FOIA request records." *Id.*

Because Plaintiff's objections are not "clear enough to enable [this Court] to discern those issues that are dispositive and contentious," *Miller*, 50 F.3d at 380, this Court declines to conduct a *de novo* review of the Magistrate Judge's Report and Recommendation. Doc. 91.

Amend or Alter the Judgment under Fed. R. Civ. P. 59(e) (Docs. 94, 96) be **DENIED** on the grounds that the Magistrate Judge's Report and Recommendation is not a final judgment. *See Hunter v. Hamilton Cnty.*, No. 1:15-cv-540, 2016 WL 4836810, at *4 (S.D. Ohio Sept. 15, 2016) ("A report and recommendation is not a final judgment, order, or proceeding."); *see also United States v. Coleman* No. CIV.A. 09-7091-JBC, 2010 WL 5173217, at *1 (E.D. Ky. Dec. 14, 2010) (holding that a report and recommendation "is not a final judgment from which such a [Rule 59(e)] motion may be made").

Furthermore, for the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated: March 28, 2025

Hon. Jeffery P. Hopkins
United States District Judge