IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QIAN WILLIAMS, | : |
| *Plaintiff*, | : Case No. 1:22-cv-696 |
| vs. | : Judge Jeffery P. Hopkins |
| DRUG ENFORCEMENT ADMINISTRATION, *et al.*, | : |
| *Defendants*. | : |

**OPINION AND ORDER**

After this Court issued an Order Adopting the Report and Recommendation (Doc. 104) of Magistrate Judge Karen Litkovitz dismissing this case, Plaintiff, Qian Williams (hereinafter "Plaintiff" or "Williams"), *pro se*, filed a series of motions seeking ostensibly to overturn that decision. Among the matters currently on for review are Plaintiff's Motion to Reconsider under Fed R. Civ. P. 60(b)(6) and 59(e). Doc. 108. Plaintiff also filed a Motion for Relief under Fed R. Civ. P. 60(b)(1) and 60(b)(3). Doc. 110. Finally, Plaintiff filed two Motions to Compel, with one citing 5 U.S.C. § 552, and the other citing 28 U.S.C. § 1361. Docs 109, 111.

For the reasons set forth below, Plaintiff's Motion to Reconsider and Motion for Relief (Docs. 108 and 110) are **DENIED.** Plaintiff's Motions to Compel (Docs. 109 and 111) are **DENIED** as moot.

**I.     PROCEDURAL BACKGROUND**

On November 28, 2022, Plaintiff, currently an inmate at Edgefield Federal Correction Institution, filed a complaint in this Court seeking, among other forms of relief, an order

1

requiring the Drug Enforcement Agency ("DEA") to produce documents under the Freedom of Information Act ("FOIA"). *See generally* Doc. 1. The documents sought relate to Plaintiff's conviction of federal narcotics and weapons offenses following a jury trial that ended on September 19, 2019, in which Plaintiff was sentenced to serve 420 months in prison, a decision affirmed by the Sixth Circuit Court of Appeals on direct appeal. Doc. 91, PageID 485; *see United States v. Williams*, No. 20-3310, 2021 WL 3079698 (6th Cir. July 21, 2021). In the complaint, Plaintiff seeks to obtain under FOIA records from the DEA he claims will prove his innocence and that constitutional violations were committed against him by several individuals, including certain federal agents employed with the DEA and their confidential government informants leading up to his alleged unlawful conviction. *See generally* Doc. 1.

Subsequently, Plaintiff sought leave to file an amended complaint. Doc. 59, PageID 306. Magistrate Judge Karen Litkovitz granted the Motion to Amend Complaint (Doc. 59) and in so doing stated that the amended complaint (Doc. 67) "shall be treated as the operative complaint in this matter." Doc. 66, PageID 351. Plaintiff then attempted to shift course by filing motions seeking to drop certain claims asserted in the amended complaint in an effort to revert back to only those claims averred in his original complaint. *See* Docs. 80, 94, 96. Magistrate Judge Litkovitz acknowledged Plaintiff's several attempts to re-assert only those claims stated in his original complaint but rejected that effort. In so doing, the Magistrate Judge reiterated that Plaintiff's consolidated amended complaint filed on April 16, 2024 (Doc. 59) is the operative one that she would focus on in deciding the case. Doc 91, PageID 490. Ultimately Magistrate Judge Litkovitz predicated her decision in the Report and Recommendation recommending dismissal on the amended complaint, *see generally* Doc. 91, as did this Court in its Order adopting the Report and Recommendation, which resulted in

2

Plaintiff's motions (Docs. 80, 94, 96) to amend the complaint and dismiss Plaintiff's claims being denied. *See generally* Doc. 104. Plaintiff now seeks relief from the judgment and reconsideration by the Court of its Order dismissing the case and certain of the claims asserted in his original complaint.

## II. LAW AND ANALYSIS

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotes omitted). Plaintiff filed two judgment-related motions: (1) Motion to Reconsider under Fed R. Civ. P. 60(b)(6) and 59(e); and (2) Motion for Relief under Fed R. Civ. P. 60(b)(1) and 60(b)(3). Docs. 108, 110. In the interest of analyzing each procedural avenue of redress independently, the Court liberally construes these motions as follows: (1) Motion to Amend a Judgment under Fed. R. Civ. P. 59(e); and (2) Motion for Relief from a Judgment Under Fed. R. Civ. P. 60(b)(1), 60(b)(3), and 60(b)(6). Defendant filed no briefing in opposition. The Court will now address each motion in turn.

### A. Motion to Amend a Judgment

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to "alter or amend a judgment." This Rule allows the filing of motions for reconsideration, but such a motion "is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion." *Dukes v. ADS Alliance Data Systems, Inc.*, No. 2:03-cv-784, 2007 WL 1057387 at *1 (S.D. Ohio Apr. 4, 2007) (citation omitted). Instead, a motion for reconsideration is designed to "correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). For a district court to grant relief under Rule 59(e), "there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

3

prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quotes omitted).

Plaintiff's Motions consist of three main assertions: First, he argues that his objection to the Report and Recommendation clarified that his Amended Complaint does not include a due process component. Specifically, his objection stated "Plaintiff is proceeding pro se and is not alleging a constitutional violation in relation to his FOIA [Freedom of Information Act] request please don't misconstrue his pleading as such." Doc. 93-1, PageID 522. Along those same lines, Plaintiff re-asserts this in his motion: "Plaintiff is not claiming a Due Process violation." Doc. 108, PageID 615.

Second, and relatedly, Plaintiff refers to efforts to revise his Amended Complaint because "he only wish [*sic*] to only refer to the original complaint for Defendants [*sic*] failure to produce his FOIA request." Doc. 108, PageID 617.

Both arguments seek resuscitation of previously denied requests to restructure his complaint through Motions to Amend. Docs. 94, 96. While these attempts to amend his claim were at times made with reference to voluntary dismissal under Fed R. Civ. P. 41(a)(1), "Courts construe filings by their substantive content, not their labels." Doc. 94, PageID 528; Doc. 96, PageID 551; *Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 416 (S.D. Ohio 2023) (citation omitted). The substantive content of Plaintiff's motions conveyed a desire to focus his claims "and proceed on his original complaint only address [*sic*] the [FOIA claim]. "Not a Due Process violation."" Doc. 94, PageID 528 (quotation marks in original). Based on this content, the Court construed these as another attempt among numerous prior Motions to Amend the Complaint and denied those motions in its Order Adopting the Report and Recommendation. Doc. 104, PageID 593.

4

Third, Plaintiff attempts to re-litigate the substance of his initial and Amended Complaint, arguing that the DEA is obligated under FOIA to produce the files Plaintiff seeks. *See* Doc. 108, PageID 614–16, 619; Doc. 110, PageID 670–73.

The Court addressed all three of these arguments in its Report and Recommendation and the Order to Adopt the Report and Recommendation. Docs. 91, 104. Thus, the re-assertion of these objections amounts to an attempt to "reargue the case," which is not permitted by Rule 59(e). *Dukes*, 2007 WL 1057387, at *1. While Williams' attempts to revert to the original complaint may have been well-intended, they were not granted by this Court. Thus, no clear error of law was present when the Court ruled on the basis of the Amended Complaint. Additionally, Plaintiff presents no newly discovered evidence, points to no intervening change in controlling law, nor does he make any argument about a need to prevent manifest injustice. *Betts*, 558 F.3d at 474. The Court does not find any of these factors present in this case. Accordingly, the Motion to Amend a Judgment on 59(e) grounds is **DENIED**.

### B. Motion for Relief from a Judgment

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)

(3) fraud…, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

5

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Generally, "relief under [this rule] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. Of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch. Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

   1. **Rule 60(b)(1)**

Rule 60(b)(1) applies "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).

Plaintiff asserts both that "he made an excusable mistake" in including Due Process in his Amended Complaint and that the Court made a "substantive mistake." Doc. 110, PageID 666. Plaintiff gives no further explanation of the nature of his "mistake". To the extent that his inclusion of a due process component in his claim was erroneous, Plaintiff's mistake is not worthy of relief because "[n]either carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed R. Civ. P. 60(b)(1)." *Merriweather v. Wilkinson*, 83 F. App'x 62, 63 (6th Cir. 2003) (citations omitted) (affirming denial of *pro se* prisoner's

6

Rule 60 motion when it "attempt[ed] to amend the complaint, rather than object to the report and recommendation"). Additionally, Plaintiff asserts that the Court made a "substantive mistake." Doc. 110, PageID 666. Plaintiff provides no explanation of the legal or factual error allegedly made by the Court. *Id.* Since the party seeking relief under Rule 60(e) "bears the burden of establishing grounds for such relief by clear and convincing evidence" this lack of any substantiation proves fatal to his call for relief. *Info-Hold, Inc.*, 538 F.3d at 454. Plaintiff is not entitled to relief under Rule 60(b)(1).

### 2. Rule 60(b)(3)

"Rule 60(b)(3)… requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior [fraud, misbehavior, or misconduct by the opposing party] occurred." *Lester v. Wow Car. Co.*, 675 F.App'x 588, 591 (6th Cir. 2017) (quoting *Jordan v. Paccar, Inc.*, 1996 WL 528950, *9 (6th Cir. 1996) (per curiam)).

Plaintiff's claims on these grounds also fail. In an effort to substantiate claims of "fraud, misrepresentation, and misconduct" Plaintiff references events related to his criminal trial. *See* Doc. 110, PageID 666–67. These allegations are not relevant to determining whether any misbehavior occurred that is pertinent to the civil case at hand. Bald assertions without factual support do not meet the elevated burden imposed on Plaintiff in his Motion for Relief, therefore, Plaintiff is not entitled to relief under Rule 60(b)(3). *Info-Hold, Inc.*, 538 F. 3d at 454.

### 3. Rule 60(b)(6)

"Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Moreover, "[t]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors,

including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done *in light of all the facts.*" *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (emphasis added) (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)).

Although Plaintiff invokes Rule 60(b)(6) at the beginning and end of his Motion, he does not provide any argument specifically related to its conditions. *See* Doc. 108, PageID 613–20. In general, he asserts that he is "not claiming a Due Process violation." Doc. 108, PageID 615. As stated in the analysis under Rule 59(e), the Court rejected Plaintiff's motions to amend his Amended Complaint. Thus, the Magistrate Judge's evaluation of the legal issues arising in his Amended Complaint—"the operative complaint"—was proper, as was this Court's adoption of that Report and Recommendation. Doc. 66, PageID 351. These circumstances do not amount to the extraordinary circumstances which would entitle him to relief under Rule 60(b)(6). *See O'Connel v. Miller*, 8 F.App'x 434, 435 (6th Cir. 2001) (*pro se* plaintiff's Rule 60(b)(6) motion was properly rejected because it restated legally invalid arguments raised before the district court on the merits). Accordingly, the Motion for Relief on 60(b) grounds is **DENIED**.

### C. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reconsider and Motion for Relief (Docs. 108 and 110) are **DENIED.** Plaintiff's Motions to Compel (Docs. 109 and 111) are **DENIED** as moot.

**IT IS SO ORDERED.**

January 23, 2026

Jeffery P. Hopkins
United States District Judge